The PEOPLE of the State of Colorado, Complainant,

v.

**James F. DONALDSON, Respondent.**

**No. 06PDJ085.**

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

June 29, 2007.

On April 30, 2007, a Hearing Board composed of MARK K. ACHEN, a citizen board member, BOSTON H. STANTON, JR., a member of the Bar, and WILLIAM R. LUCERO, the Presiding Disciplinary Judge ("the Court"), held a Sanctions Hearing pursuant to C.R.C.P. 251.18(d). Kim E. Ikeler appeared on behalf of the Office of Attorney Regulation Counsel ("the People") and JAMES F. DONALDSON ("Respondent") appeared pro se. The Hearing Board issues the following Opinion and Order Imposing Sanctions Pursuant to C.R.C.P. 251.19(b).

### OPINION AND ORDER IMPOSING SANCTIONS PURSUANT TO C.R.C.P. 251.19(b)

### I. *ISSUE/SUMMARY*

 Suspension is appropriate when a lawyer knowingly violates a court order or rule and causes potential injury to a client. Respondent filed a petition for reinstatement to the practice of law following his administrative suspension for failing to satisfy CLE requirements. The Colorado Supreme Court clerk advised Respondent that his petition would not be acted upon until he paid his attorney registration fees. Is suspension appropriate, if Respondent represented a client before paying registration fees?

Although he eventually paid his fees, Respondent knowingly practiced law without a license in violation of the Colorado Supreme Court's administrative order of suspension for failing to comply with CLE requirements. Whereas a public censure might normally accomplish the goals of protecting the public and rehabilitating Respondent, such a sanction is not appropriate in light of Respondent's past disciplinary record. Therefore, the Hearing Board concludes that a three-month suspension is appropriate in this matter.

### *SANCTION IMPOSED:* **THREE–MONTH SUSPENSION**

### II. *PROCEDURAL HISTORY*

On October 25, 2006, the People filed their complaint in this matter and Respondent filed his answer on November 27, 2006. On February 6, 2007, the People filed "Complainant's Motion for Judgment on the Pleadings." Respondent did not file a responsive pleading. On April 30, 2007, the Court granted the People's motion for judgment on the pleadings and concluded that Respondent violated Colo. RPC 5.5(a) by practicing law after suspension for failing to comply with CLE requirements.

### III. *FINDINGS OF MATERIAL FACT*

The following facts have been established by clear and convincing evidence.[1]

Respondent has taken and subscribed the oath of admission and gained admission to the Bar of the Colorado Supreme Court on September 29, 1978.2002. He is registered upon the official records of the Colorado Supreme Court, Attorney Registration No. 08951, and is therefore subject to the jurisdiction of the Court. His registered business

---

1. The findings of material fact incorporate the Court's "Order Re: Motion for Judgment on the Pleadings" dated April 30, 2007.

address is 936 E. 18th Ave., Denver, CO 80218.

### Summary of facts based upon judgment on the pleadings

- On June 21, 2006, the Colorado Supreme Court suspended Respondent from the practice of law *until further order of the court* based upon his failure to comply with CLE requirements pursuant to Rule 260.6(10) (emphasis added).

- On June 28, 2006, Respondent filed a petition for reinstatement.

- On July 5, 2006, Marcia Kerr of the Colorado Supreme Court wrote Respondent and informed him that the Court could not act on his petition for reinstatement until he paid his attorney registration fee of $375.

- On July 13, 2006, Respondent entered his appearance and filed pleadings in the case of *Jacalyn Marie Roberts v. Richard Terrance Roberts,* Denver County Court, Case No. 06W0914. In the matter, Respondent filed a Verified Complaint for Civil Protection Order. Judge Robert Crew entered a Temporary Civil Protection Order the same day.

- On July 19, 2006, a clerk of the Denver County Court reported Respondent's entry of appearance to the People. The People sent the request for investigation to Respondent on July 20, 2006. On July 20, 2006, Respondent paid his attorney registration fees.

### IV. CONCLUSIONS OF LAW— SUBSTANTIVE ALLEGATIONS

■ Based upon the Court's order granting the People's motion for judgment on the pleadings, it has been established that Respondent violated Colo. RPC 5.5, which prohibits a lawyer from practicing law in a jurisdiction where doing so violates the regulations of the legal profession in that jurisdiction. In summary, the Court found that the undisputed facts showed that Respondent practiced law after his administrative suspension for failing to complete his CLE obligations. The Hearing Board must, nevertheless, decide what sanction, if any, is the appropriate sanction for violating Colo. RPC 5.5.

### V. SANCTIONS

■ The ABA Standards for Imposing Lawyer Sanctions (1991 & Supp.1992) ("ABA *Standards* ") and Colorado Supreme Court case law are the guiding authorities for selecting and imposing sanctions for lawyer misconduct. *In re Roose,* 69 P.3d 43, 46–47 (Colo.2003). In imposing a sanction after a finding of lawyer misconduct, the Hearing Board must first consider the duty breached, the mental state of the lawyer, the injury or potential injury caused, and the aggravating and mitigating evidence pursuant to ABA *Standard* 3.0.

### A. Duties Breached

Respondent breached his duty to the Colorado Supreme Court to follow its order of suspension. Instead of fully complying with all conditions precedent to his reinstatement, Respondent practiced law despite the fact that he had been notified in writing that he would have to pay his attorney registration fees *before* his petition for reinstatement would be acted upon. While Respondent ultimately paid his attorney fees, he nevertheless practiced law before he was reinstated.

### B. State of Mind

Respondent acted knowingly, that is, he was aware of his conduct and the likely consequence of his actions. He had been previously disciplined for practicing law while on administrative suspension for failing to complete CLE requirements.

### C. Injury

Respondent did not cause injury to the client he represented while practicing law without a license. To the contrary, he obtained a crucial restraining order for her. However, Respondent did not preserve the respect due the Colorado Supreme Court and its approved processes in attorney regulation matters, specifically the reinstatement process. Respondent's view was that he would likely be reinstated when he later paid his

attorney fees. This no harm, no foul, approach misses the point that Respondent is required to follow the rules. In flouting them he injures the integrity of the process.

### D. *Aggravating and Mitigating Factors— ABA Standard 9.22 and 9.32*

#### *Prior Disciplinary offenses—9.22(a)*

- On December 16, 1994, Respondent received a Letter of Admonition for representing clients with conflicting interests.
- On July 30, 1999, Respondent received a sixty-day suspension stayed on the condition that he successfully complete a two-year period of probation. Respondent received this sanction, in part, for continuing to practice law after he was suspended for non-compliance with CLE requirements.
- On April 25, 2001, Respondent received a ninety-day suspension, all but thirty days stayed upon the successful completion of a one-year period of probation with conditions. Respondent received this sanction, in part, for failing to obey a court order requiring him to find an independent attorney to advise a client on whether he had a conflict of interest.
- On November 29, 2004, Respondent received a one-year and one-day suspension, stayed on the condition that he complete a three-year period of probation, with conditions. Respondent had neglected a matter, which resulted in the entry of a default judgment against his client. The Hearing Board notes, however, that Respondent had suffered a minor stroke during this time and had been diagnosed with high blood pressure and diabetes. Similar to previous stipulations and admissions of misconduct submitted to the Court in the past, Respondent agreed that he would not engage in any conduct that would result in the imposition of discipline.
- On January 25, 2005, Respondent received a thirty-day suspension, stayed upon successful completion of a one-year period of probation, with conditions. Respondent lacked diligence in a client matter, failed to communicate with his client, and made an overdraft of funds from his COLTAF account. Again, Respondent agreed not to engage in any conduct that would result in the imposition of any form of discipline.

#### *Substantial Experience with the law— 9.22(i)*

Respondent has practiced law since 1978. Furthermore, based upon his experience with the attorney regulation process, he was well aware of his duty to refrain from violating any disciplinary rules. In spite of this, Respondent chose to practice law at a time when he knew he had not yet received a favorable ruling on his petition for reinstatement. Furthermore, this was not the first time Respondent had been sanctioned for practicing law after being suspended for failure to comply with CLE requirements. Thus, he was well aware of the consequences of doing so.

#### *Personal or emotional problems—9.32(c)*

Respondent's wife suffered from cancer during this period and Respondent's own health problems with diabetes, high blood pressure, and financial strife were conditions that prevailed during this time period.

#### *Remorse—9.32(i)*

The Hearing Board finds that Respondent's remorse for his actions is genuine.

### *Analysis of ABA Standards and Case Law*

The ABA *Standards* suggest that the presumptive sanction for the misconduct evidenced by the facts and rule violations in this case is suspension. Respondent knowingly practiced law when he remained under administrative suspension. ABA *Standard* 6.22 states, "suspension is appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding."

The Colorado Supreme Court previously imposed a public censure upon an attorney who failed to withdraw and obtain substitute counsel for clients following an administrative suspension. *See People v. White,* 951

P.2d 483 (Colo.1998). However, the Colorado Supreme Court in that case considered *significant* mitigating factors not present under the facts of this case.

## VI. *CONCLUSION*

One of the primary goals of our disciplinary system is to protect the public from lawyers who pose a danger to it. The facts establish, at minimum, a problem with Respondent's ability to recognize his responsibility to the legal profession and those who serve it. Prior disciplinary proceedings and attempts to rehabilitate Respondent have not served their purpose. Upon consideration of the ABA *Standards* and Colorado Supreme Court case law, the Hearing Board concludes that Respondent should be suspended from the practice of law for a period of three months.

## VII. *ORDER*

The Hearing Board therefore **ORDERS:**

1. **JAMES F. DONALDSON,** Attorney Registration Attorney Registration No. 08951, is **SUSPENDED FOR THREE (3) MONTHS** effective thirty-one (31) days from the date of this order.

2. **JAMES F. DONALDSON SHALL** pay the costs of these proceedings. The People shall submit a Statement of Costs within fifteen (15) days of the date of this order. Respondent shall have ten (10) days within which to respond.